**SAI YING ZHU, a.k.a. Sai Ying Jhu, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 08–3939–ag.

United States Court of Appeals, Second Circuit.

Nov. 10, 2009.

582

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Katharine E. Clark, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Sai Ying Zhu, a native and citizen of the People's Republic of China, seeks review of a July 14, 2008 order of the BIA, affirming the February 2, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sai Ying Zhu,* No. A095 709 786 (B.I.A. July 14, 2008), *aff'g* No. A095 790 786 (Immig. Ct. N.Y. City Feb. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Upon review of the administrative record, we find that substantial evidence supports the IJ's adverse credibility determination. The IJ properly relied on inconsistencies between Zhu's statements during her credible fear interview and her hearing testimony. *See Biao Yang v. Gonzales,* 496 F.3d 268, 272 (2d Cir.2007). Indeed, during her credible fear interview, Zhu testified that she was unaware that the practice of Falun Gong was illegal in China, that she did not know the

exercises, that she did not know who founded the practice, and that generally, she did "not know Falun Gong." However, during her hearing, she was able to state the year Falun Gong was outlawed in China, she recited the five exercises and testified that she regularly practiced three of them, and she stated the name of the founder of the practice. Moreover, although Zhu explained before the IJ that the reason she failed to answer the questions during her credible fear interview was because she was scared, a reasonable fact-finder would not have been compelled to accept this explanation because, as the IJ noted, she had also answered several questions during the credible fear interview in a detailed, consistent manner. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

Furthermore, the agency did not err in relying on these inconsistent statements even though they arose in the context of Zhu's credible fear interview. Where an IJ rests an adverse credibility determination on statements made during such an interview, we closely examine the record of that interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). In this case, it is clear that the credible fear interview record provides a sufficiently accurate record because: (1) it appears to be a near-verbatim transcript of the interview; (2) the questions posed were clearly designed to elicit details of an asylum claim; (3) Zhu did not appear reluctant to provide the inspector with information about her experiences in China; and (4) there is no indication that Zhu had any difficulty understanding the questions posed. *See id.* at 179–80. Inasmuch as the record indicates that the credible fear interview was reliable, the agency did not err in relying on Zhu's inconsistent statements made at that interview in finding her credibility under-

mined. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005). Finally, we note that Zhu has failed to exhaust before the BIA the issue of whether she submitted sufficient corroborating evidence to rehabilitate her testimony that she is a Falun Gong practitioner. Therefore, we decline to consider this issue. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). Thus, the agency's denial of Zhu's applications for asylum and withholding of removal was proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

As to Zhu's claim for relief under the CAT, the agency properly found that Zhu failed to provide credible testimony that she is a Falun Gong practitioner who would be tortured if returned to China. *See Paul,* 444 F.3d at 156. In addition, the agency did not err in concluding that Zhu failed to establish a likelihood of torture based on her illegal departure from China. We have held that an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007). As Zhu provided no basis to conclude that she faces a significant risk of torture, substantial evidence supports the agency's denial of her application for CAT

relief. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).